1  Catherine Cabalo (CA Bar No. 248198)
   Peiffer Wolf Carr & Kane
2  4 Embarcadero Center, 14ᵗʰ Floor
3  San Francisco, CA 94111
   Telephone: 415.766.3592
4  Facsimile: 415.402.0058
   Email: ccabalo@prwlegal.com
5  *Attorneys for Plaintiffs*
6  *Abdul Nevarez and Priscilla Nevarez*

7  Catherine Corfee (CA Bar No. 155064)
   Corfee Stone & Associates
8  6503 Grant Avenue
9  Carmichael, CA 95608
   Telephone: 916.487.5441
10 Facsimile: 916.487.5440
   Email: catherine@corfeestone.com
11 *Attorneys for Defendant*
12 *Hiddenbrooke LLC*

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 ABDUL NEVAREZ and PRISCILLA            ) Case No.  4:17-cv-04156-DMR
   NEVAREZ,                               )
17              Plaintiffs,               ) <u>Civil Rights</u>
                                          )
   v.                                     )
18                                        ) **CONSENT DECREE AND [PROPOSED]**
19 HIDDENBROOKE LLC, ACEPEX               ) **ORDER AS TO INJUNCTIVE RELIEF**
   MANAGEMENT CORPORATION, BILLY          ) **ONLY**
20 CASPER GOLF, and DOES 1-10, Inclusive, )
                                          )
21              Defendants.               ) Complaint Filed:  July 21, 2017
                                          ) Trial Date:  Not assigned
22                                        )

23
       1.      Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ filed a Complaint in
24
   this action on July 21, 2017 for injunctive and declaratory relief, damages, attorneys' fees,
25
   litigation expenses, costs, and other restitution for their alleged discriminatory experiences,
26
   denial of access, and denial of civil rights, and to enforce provisions of the Americans with
27
28 Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws

against defendants HIDDENBROOKE LLC ("Hiddenbrooke"), ACEPEX MANAGEMENT CORPORATION, and BILLY CASPER GOLF (together "Defendants"), in connection with or arising out of the condition of the Hiddenbrooke Golf Club, located at or about 1095 Hiddenbrooke Parkway, Vallejo, CA, and related properties and buildings (the "Club") as of September 6, 2016 and continuing. Plaintiffs have alleged, and Hiddenbrooke denies, that Defendants violated Title III of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh") by failing to provide full and equal access to the disabled at the Club.

2. Plaintiffs and Defendant Hiddenbrooke (together the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation. Issues of damages and attorneys' fees, costs, and expenses are addressed by separate agreement, attached hereto as Exhibit A and made a part of this Consent Decree. The parties desire the Court's jurisdiction to follow California contract law in interpreting Exhibit A.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Unruh, pursuant to California law. The interpretation of Exhibit A shall be governed by California contract law.

4. To avoid the costs, expense, and uncertainty of litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order and Exhibit A to resolve all claims and causes of action raised in the Complaint. Nothing in this Consent Decree

and Order should be considered an admission of liability by Hiddenbrooke; liability is expressly disclaimed. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF ALL CLAIMS:**

5.      This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' injunctive relief claims against Hiddenbrooke that have arisen out of the subject Complaint.

6.      **Remedial Measures:**

a.      **ParaGolfer adaptive golf cart:** Hiddenbrooke agrees to make available at the Course a ParaGolfer adaptive golf cart ("ParaGolfer") within six (6) months of issuance of the Order by the Court approving this Consent Decree. This ParaGolfer will be rented to disabled golfers consistent with the Course's practices of providing golf carts to able-bodied golfers, including on a first-come, first-served basis, kept in good working condition in accordance with the ParaGolfer's manufacturer's specifications and the Course's practices and schedule of maintaining carts for able-bodied golfers, and will be for the *sole use* of the Course (i.e. it will not be lent out to other golf courses). Plaintiffs acknowledge that training regarding the proper use of the ParaGolfer may be required by Hiddenbrooke as a condition prior to rental or use of the ParaGolfer and shall not constitute a violation of this Consent Decree and Order. Nothing in this Consent Decree in any way restricts Defendants from designating areas within Hiddenbrooke to be off limits to users of the ParaGolfer because of bona fide safety concerns,

such as areas of Hiddenbrooke that exceed the manufacturer's technical specifications.

b. **Delay or impossibility**: Plaintiffs acknowledge that if any of the remedial measures set forth above in paragraph 6.a. are rendered impossible by conditions beyond their control; force majeure; and/or any action, occurrence, denial, or other restriction imposed by any governmental, quasi-governmental agency, authority, board, body, department, commission, bureau or official, which are not under Hiddenbrooke's control, Hiddenbrooke will not be deemed to have violated this Consent Decree and Order, so long as Hiddenbrooke makes and continue to make a good faith effort to secure the necessary approvals, permits, or explore alternative measures that would resolve the issue or issues causing the unavailability of the ParaGolfer. Further, if, in the exercise of its good faith business judgment pursuant to California law and based on objective evidence, Hiddenbrooke determines that the use of the ParaGolfer results in increased accidents or injuries, Hiddenbrooke has the option to cease making the ParaGolfer available to golfers. The Parties further agree that any delays in complying with the terms of paragraph 6. a. caused by third parties, including but not limited to, the manufacturer of the specified golf cart, shippers, inspectors and others will not be deemed to violate the compliance date set forth herein as long as Hiddenbrooke makes a good faith effort at implementation as soon as reasonably possible thereafter. The Parties further agree that difficulty in financing the purchase of the ParaGolfer is not within the scope of this paragraph 6. b..

c. **Compliance:** Hiddenbrooke or its counsel will notify Plaintiffs' counsel when the ParaGolfer has been ordered and when the Course has received the ParaGolfer by emailing Plaintiffs' counsel directly at ccabalo@pwcklegal.com. If unforeseen difficulties prevent Hiddenbrooke from ordering the ParaGolfer, Hiddenbrooke or its counsel will notify

Plaintiffs' counsel in writing within five (5) days of discovering the delay. Plaintiffs will have twenty (20) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Hiddenbrooke's notice. If the Parties cannot reach agreement regarding the delay within an additional twenty (20) days, Plaintiffs may seek enforcement by the Court and reserve the right to seek reasonable attorney's fees from Hiddenbrooke for any legal work directly related to this matter necessitated by the failure of Hiddenbrooke to abide by this Consent Decree and Order. If the Parties disagree on the amount of reasonable attorney's fees, such fees shall be determined by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.      The Parties' agreement related to Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs can be found in the attached Exhibit A.

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order constitute the entire agreement between the signing Parties as to injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein. There are no intended third-party beneficiaries to this Agreement other than those expressly set forth in this Agreement.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO: 4:17-cv-04156-DMR

9.     This Consent Decree and Order and Exhibit A shall be binding on Plaintiffs, Hiddenbrooke, and any successors-in-interest.  Hiddenbrooke has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542 AS TO ALL CLAIMS**

10.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree and Order and the attached Exhibit A, with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

11.     Except for all obligations required in this Consent Decree and Order and the attached Exhibit A, each of the Parties to this Consent Decree and Order and on behalf of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.     This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order and the attached Exhibit A -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until all relief contemplated by this Consent Decree and Order and Exhibit A is completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order and Exhibit A.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO: 4:17-cv-04156-DMR

an original signature.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF**

**THE DOCUMENT.**

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO: 4:17-cv-04156-DMR

Dated: _____, 2018    PLAINTIFF ABDUL NEVAREZ


_____
ABDUL NEVAREZ

Dated: _____, 2018    PLAINTIFF PRISCILLA NEVAREZ


_____
PRISCILLA NEVAREZ

Dated: 12/5, 2018    DEFENDANT HIDDENBROOKE LLC

By: _____

Print Name: HENRY C. RHEE

APPROVED AS TO FORM:    Title: Manager

Dated: _____, 2018    PEIFFER WOLF CARR & KANE

By: _____
Catherine Cabalo
Attorneys for Plaintiffs
ABDUL NEVAREZ and PRISCILLA
NEVAREZ

Dated: 12-31-18, 2018    CORFEE STONE & ASSOCIATES

By: _____
Catherine M. Corfee
Attorney for Defendant
HIDDENBROOKE LLC

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO: 4:17-cv-04156-DMR

Dated: 12/28, 2018      PLAINTIFF ABDUL NEVAREZ

_Abdul Nevarez_ (signature)
ABDUL NEVAREZ

Dated: 12/28, 2018      PLAINTIFF PRISCILLA NEVAREZ

_Priscilla_ (signature)
PRISCILLA NEVAREZ

Dated: _____, 2018      DEFENDANT HIDDENBROOKE LLC

By: _____

Print Name: _____

Title: _____

APPROVED AS TO FORM:

Dated: _____, 2018      PEIFFER WOLF CARR & KANE

By: _____
Catherine Cabalo
Attorneys for Plaintiffs
ABDUL NEVAREZ and PRISCILLA
NEVAREZ

Dated: _____, 2018      CORFEE STONE & ASSOCIATES

By: _____
Catherine M. Corfee
Attorney for Defendant
HIDDENBROOKE LLC

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO: 4:17-cv-04156-DMR

Dated: _____, 2018        PLAINTIFF ABDUL NEVAREZ


_____
ABDUL NEVAREZ

Dated: _____, 2018        PLAINTIFF PRISCILLA NEVAREZ


_____
PRISCILLA NEVAREZ

Dated: _____, 2018        DEFENDANT HIDDENBROOKE LLC

By: _____

Print Name: _____

Title: _____

APPROVED AS TO FORM:

Dated: *December 28*, 2018        PEIFFER WOLF CARR & KANE

By: _____
Catherine Cabalo
Attorneys for Plaintiffs
ABDUL NEVAREZ and PRISCILLA
NEVAREZ

Dated: _____, 2018        CORFEE STONE & ASSOCIATES

By: _____
Catherine M. Corfee
Attorney for Defendant
HIDDENBROOKE LLC

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1, I hereby attest that on January 3, 2019 , ~~2018~~, I, Catherine Cabalo, attorney with Peiffer Wolf Carr & Kane, received the concurrence of Catherine M. Corfee of Corfee Stone and Associates in the filing of this document.

_____
Catherine Cabalo

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: January 17 , 2018



_____
HONORABLE DONNA M. RYU
United States Magistrate Judge

IT IS SO ORDERED

Judge Donna M. Ryu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CONSENT DECREE AND ~~[PROPOSED]~~ ORDER
CASE NO: 4:17-cv-04156-DMR